THORLEY COLLESTER *vs.* WILLIAM P. HAILEY.

The time of a debtor's absence from the State, without losing his domicil here, is not to be excluded, under the Rev. Sts. c. 120, § 9, in computing the period of limitation of an action against him.

A plaintiff, who requests the judge to rule that certain facts appearing in the case constitute an absence of the defendant from the State, within the Rev. Sts. c. 120, § 9, cannot, upon exceptions to a refusal so to rule, object that the question was not submitted to the jury.

The time during which proceedings in insolvency are pending against the debtor is not to be excluded in computing the period of limitation of an action against him.

ACTION OF CONTRACT for goods sold and delivered more than six years before the date of the writ. Answer, the statute of limitations.

The defendant, being examined on oath by written interrogatories, stated that, during said six years, he had been absent from Massachusetts for short periods, on visits to his friends in Maine; and had also been at Trinidad twice, remaining there four months at one time, and seven months at another; that his sole object in going to Trinidad was to benefit his health by the climate, and he left his family here; that he had a brother in Trinidad to whom, during his stay, he occasionally rendered slight gratuitous services; but had no settled occupation there, and no wages; and that, during the whole period, he

was a resident of Massachusetts, never gaining any domicil else-where, and never intending to.

It also appeared that the defendant during said six years had taken the benefit of the insolvent laws of the Commonwealth.

At the trial in the court of common pleas, before *Mellen*, C. J., the plaintiff requested the presiding judge to rule that neither the times of absence disclosed in the defendant's answer, nor the time which elapsed between the first publication of notice in the proceedings in insolvency and the granting of a certificate of discharge therein, should be taken as any part of the time limited for the commencement of the action. But the judge refused; and ruled that the statute of limitations was a bar to the action. The verdict was for the defendant, and the plaintiff alleged exceptions.

*A. Norcross*, for the plaintiff.

*G. F. Hoar & H. A. Hill*, for the defendant.

SHAW, C. J. Several exceptions are taken to the ruling of the court.

1. That the period of absence of the defendant out of the State, as disclosed in the defendant's answers to the plaintiff's interrogatories, should not be taken as any part of the time of limitation, under Rev. Sts. *c.* 120, § 9, and that the judge should have so directed.

It is now urged in argument, that this question of absence was a question of fact for the jury, as it was held in *Lyman* v. *Fiske*, 17 Pick. 231. It is true, that the fact of habitancy or domicil, that is, whether one was an inhabitant of a particular place at a particular time, is a question of fact, often dependent on conflicting and nicely balanced evidence. But the construction of the statute, as to what constituted an absence from and residing out of the State, so as to be excluded from the computation of the time of limitation, was a question of law. And further, the plaintiff made no request to go to the jury, but himself requested the direction of the court, upon the facts stated in the answers. And the court are of opinion that the direction was right. The facts disclosed temporary absences only, or visits, leaving his family here, effecting no change of domicil or residence.

Collester *v.* Hailey.

2. The plaintiff also requested the judge to rule that the time elapsing between the first publication of notice in insolvency and the granting of the discharge should not be taken into consideration in computing the time of limitation. This the court declined, but ruled the contrary.

This objection seems to have been founded on a misunderstanding or misapprehension of the authority of *Minot* v *Thacher*, 7 Met. 352. There the question was, as to the righ of a creditor to prove a debt under proceedings in insolvency, where six years had not elapsed at the time of the first publication, but had passed when the debt was offered for proof. It is placed expressly on the ground, that, at the time of the first publication, the assets of the insolvent were sequestered and placed in the custody of the law, in trust for those who were then creditors, who then had provable debts. Of course, the further lapse of time could not defeat the right thus vested, to have a share equally with other creditors in this trust fund.

But this has no bearing upon the question of the pleading of the statute of limitations to an action which is wholly independent of the proceedings in insolvency. Such proceedings do not prevent a creditor from bringing an action, if he chooses so to do. He does it certainly at the peril of costs, if the discharge is seasonably obtained and pleaded in bar, so that there is not much temptation to do it. But there is nothing in law to prohibit it. Against such an action therefore the statute continues to run, as if no insolvency had intervened.

It is stated as a fact in this case, that the defendant had obtained his discharge; but as it does not appear to have been alluded to either by the judge or in the argument, we have placed no reliance upon it.            *Exceptions overruled.*